**Opinion issued October 17, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00451-CV

———————————

**ROBERT J. SALAZAR AND ELIA SALAZAR, Appellants**

**V.**

**HP TEXAS I LLC, HPA TEXAS SUB 2016-1 LLC, PATHLIGHT PROPERTY MANAGEMENT, AND SER TEXAS LLC, Appellees**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-17589**

## MEMORANDUM OPINION

On June 11, 2023, appellants, Robert J. Salazar and Elia Salazar, proceeding

pro se, filed a notice of appeal from the trial court's February 3, 2023 final judgment.

We dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal from a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. Accordingly, in order to invoke this Court's appellate jurisdiction over the trial court's February 3, 2023 judgment, appellants were required to file a notice of appeal on or before March 6, 2023. Appellants' June 11, 2023 notice of appeal was therefore not timely filed.

However, where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX. R. CIV. P. 329b(a), (g).

The appellate record reflects that appellants timely filed a post-judgment motion with the trial court. Accordingly, appellants' notice of appeal was due no later than May 4, 2023. *See* TEX. R. APP. P. 26.1(a)(1). Thus, appellants' June 11, 2023 notice of appeal was still not timely filed to invoke the jurisdiction of this Court. *See* TEX. R. APP. P. 25.1(a)(1).

On September 19, 2023, the Clerk of this Court notified appellants that their notice of appeal from the trial court's February 3, 2023 judgment was not timely filed. Appellants were directed to file a written response within ten days

demonstrating, with citation to law and the record, that the Court had jurisdiction over the appeal. Despite notice that the appeal was subject to dismissal, appellants did not adequately respond to the September 19, 2023 notice.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Farris.